MICHAEL FAILLACE [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

LEON ISAAC MARTINEZ, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

ADDISON PHS CORP. (D/B/A ADDISON PHS), URBAN STANDARD GENERAL CONTRACTING LLC (D/B/A URBAN STANDARD GENERAL CONTRACTING), JDS DEVELOPMENT GROUP LLC (D/B/A JDS DEVELOPMENT GROUP), KOUZMANOFF BAINTON ARCHITECTS (D/B/A KB ARCHITECTS), KOEPPEL ROSEN LLC (D/B/A KOEPPEL ROSEN), and ADDISON O'NEIL MARAJ,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Leon Isaac Martinez ("Plaintiff Martinez" or "Mr. Martinez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Addison PHS Corp. (d/b/a Addison PHS) ("Defendant Corporation" or "Addison PHS"), Urban Standard General Contracting LLC (d/b/a Urban Standard General Contracting), JDS Development Group LLC (d/b/a JDS Development Group), Kouzmanoff Bainton Architects (d/b/a KB Architects), Koeppel Rosen LLC (d/b/a Koeppel Rosen) (collectively, the "Contractor Defendants"), and Addison O'Neil Maraj ("Individual Defendant") (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Martinez is a current employee of Defendants Addison PHS Corp. (d/b/a Addison PHS) and Addison O'Neil Maraj.

2. Defendant Addison O'Neil Maraj owns, operates, or controls a plumbing company under the name "Addison PHS" located at 27 W. 23rd St., New York, New York 10010 whose work was derived from Urban Standard General Contracting LLC (d/b/a Urban Standard General Contracting) located at 55 Prospect Street #406, Brooklyn, NY 11201, JDS Development Group LLC (d/b/a JDS Development Group) located at 104 5th Avenue, 9th Floor, New York, NY 10011, Kouzmanoff Bainton Architects (d/b/a KB Architects) located at 347 W. 36 St. Suite 302 New York, NY 10018, and Koeppel Rosen LLC (d/b/a Koeppel Rosen) located at 40 East 69th St New York, NY 10021.

3. Upon information and belief, Individual Defendant Addison O'Neil Maraj, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the plumbing company as a joint or unified enterprise.

4. Plaintiff Martinez has been employed as a plumber in a number of construction projects by the Defendant Corporation (subcontractor) and Contractor Defendants (general contractors), including 245 W. 29th Street, New York, NY 10001 in which the general contractor was Urban Standard General Contracting LLC (d/b/a Urban Standard General Contracting), 9 Dekalb Avenue, Brooklyn, NY 11201 in which the general contractor is JDS Development Group LLC (d/b/a JDS Development Group), and 122 W. 27th St., New York, NY 10001 in which the general contractor is Kouzmanoff Bainton Architects (d/b/a KB Architects) and 443 Park Avenue S New York, NY 10016 in which the general contractor is Koeppel Rosen LLC (d/b/a Koeppel Rosen).

5. At all times relevant to this Complaint, Plaintiff Martinez has worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he has worked.

6. Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiff Martinez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct has extended beyond Plaintiff Martinez to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Martinez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Plaintiff Martinez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Martinez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Martinez's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a plumbing company located in this district. Further, Plaintiff Martinez has been employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Leon Isaac Martinez ("Plaintiff Martinez" or "Mr. Martinez") is an adult individual residing in New York County, New York.

14. Plaintiff Martinez has been employed by Defendants at "Addison PHS" from approximately July 23, 2021 until the present date.

15. Plaintiff Martinez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a plumbing company, located at 27 W. 23rd St., New York, New York 10010 under the name "Addison PHS".

17. Upon information and belief, Addison PHS Corp. (d/b/a Addison PHS) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 27 W. 23rd St., New York, New York 10010.

18. Upon information and belief, Urban Standard General Contracting LLC (d/b/a Urban Standard General Contracting), is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 55 Prospect Street #406, Brooklyn, New York 11201, and its office in Manhattan at 245 W. 29th St. suite 601, New York, NY 10001.

19. Upon information and belief, JDS Development Group LLC (d/b/a JDS Development Group), is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business in Manhattan at 104 5th Ave, 9th Floor, New York, NY 10011.

20. Upon information and belief, Kouzmanoff Bainton Architects (d/b/a KB Architects) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 347 W. 36th St., Suite 302, New York, New York 10018.

21. Upon information and belief, Koeppel Rosen LLC (d/b/a Koeppel Rosen), is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 40 East 69th St., New York, NY 10021.

22. Defendant Addison O'Neil Maraj is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Addison O'Neil Maraj is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Addison O'Neil Maraj possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Martinez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a plumbing company located in the Flatiron District of Manhattan in New York City.

24. Individual Defendant, Addison O'Neil Maraj, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possesses substantial control over Plaintiff Martinez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Martinez, and all similarly situated individuals, referred to herein.

27. Defendants Addison PHS Corp. (d/b/a Addison PHS) and Addison O'Neil Maraj jointly employed Plaintiff Martinez (and all similarly situated employees) and are Plaintiff Martinez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

28. In the alternative, Defendants Addison PHS Corp. (d/b/a Addison PHS) and Addison O'Neil Maraj constitute a single employer of Plaintiff Martinez and/or similarly situated individuals.

29. Upon information and belief, Individual Defendant Addison O'Neil Maraj operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants have been Plaintiff Martinez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Martinez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Martinez's services.

31. In each year from 2021 to the present date, Defendants, both separately and jointly, have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the plumbing company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Martinez is a current employee of Defendants who has been employed as a plumber.

34. Plaintiff Martinez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Leon Isaac Martinez*

35. Plaintiff Martinez has been employed by Defendants from approximately July 23, 2021 until the present date.

36. Defendants have employed Plaintiff Martinez as a plumber.

37. Plaintiff Martinez has regularly handled goods in interstate commerce, such as plumbing materials and other supplies produced outside the State of New York.

38. Plaintiff Martinez's work duties have required neither discretion nor independent judgment.

39. Throughout his employment with Defendants, Plaintiff Martinez has regularly worked in excess of 40 hours per week.

40. From approximately July 23, 2021 until the present date, Plaintiff Martinez has worked from approximately 7:00 a.m. or 8:00 a.m. until on or about 3:30 p.m. or 4:30 p.m. six days a week (typically 51 hours per week).

41. Throughout his employment, Defendants have paid Plaintiff Martinez his wages by check or by direct deposit.

42. From approximately July 23, 2021 until on or about December 2023, Defendants paid Plaintiff Martinez $25.00 per hour.

43. From approximately January 2024 until the present date, Defendants have paid Plaintiff Martinez $27.00 per hour.

44. Plaintiff Martinez's pay has not varied even when he has been required to stay later or work a longer day than his usual schedule.

45. Specifically, Defendants have required Plaintiff Martinez to start working 10 minutes prior to his scheduled start time three times a week, and have not paid him for the additional time he has worked.

46. Defendants have never granted Plaintiff Martinez breaks or meal periods of any kind.

47. Defendants have not required Plaintiff Martinez to keep track of his time, nor to his knowledge, have the Defendants utilized any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48. No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

49. Defendants have not provided Plaintiff Martinez an accurate statement of wages, as required by NYLL § 195(3).

50. Defendants have not given any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

51. As a result of Defendants' failure to provide Plaintiff Martinez with a Notice of Pay Rate or accurate wage statements with each payment of wages, he has been prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

52. Defendants have required Plaintiff Martinez to purchase "tools of the trade" with his own funds—including two drills, one grinder, one electric saw, three wrenches, three pliers, a hammer, a screwdriver, metal scissors and other plumbing related tools.

*Defendants' General Employment Practices*

53. At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiff Martinez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

54. Plaintiff Martinez has been a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he has worked.

55. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

56. Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiff Martinez (and similarly situated individuals) worked, and to avoid paying Plaintiff Martinez properly for his full hours worked.

58. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff Martinez and other similarly situated workers.

60. Defendants have failed to provide Plaintiff Martinez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

61. Defendants have failed to provide Plaintiff Martinez and other employees, at the time of hiring, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

62. As a result of Defendants' failure to provide Plaintiff Martinez and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Martinez and other employees are prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Martinez brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64. At all relevant times, Plaintiff Martinez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

65. The claims of Plaintiff Martinez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

66. Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants have been Plaintiff Martinez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Martinez (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

68. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71. Defendants' failure to pay Plaintiff Martinez (and the FLSA Class members) overtime compensation is willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Martinez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

73. Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants have been Plaintiff Martinez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Martinez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

75. Defendants, in violation of N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*., 12 N.Y.C.R.R. § 142-2.2, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiff Martinez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76. Defendants' failure to pay Plaintiff Martinez overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

77. Plaintiff Martinez has been damaged in an amount to be determined at trial.

**<u>THIRD CAUSE OF ACTION</u>**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

78. Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants have failed to provide Plaintiff Martinez with a written notice, in English and in Spanish (Plaintiff Martinez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

80. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Martinez, Defendants have violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

81. Defendants are liable to Plaintiff Martinez in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

82. Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

83. With each payment of wages, Defendants have failed to provide Plaintiff Martinez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

84. As a result of Defendants' failure to furnish accurate statements to Plaintiff Martinez, Defendants have violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

85. Defendants are liable to Plaintiff Martinez in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

86. Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants required Plaintiff Martinez to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

88. Plaintiff Martinez has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## GENERAL CONTRACTOR LIABILITY UNDER NEW YORK LABOR LAW § 198-e

**(Against Urban Standard General Contracting LLC, JDS Development Group LLC, Kouzmanoff Bainton Architects, and Koeppel Rosen LLC)**

89. Plaintiff Martinez repeats and realleges all paragraphs above as though fully set forth herein.

90. Upon information and belief, Defendants Urban Standard General Contracting LLC (d/b/a Urban Standard General Contracting), JDS Development Group LLC (d/b/a JDS Development Group), Kouzmanoff Bainton Architects (d/b/a KB Architects), and Koeppel Rosen LLC (d/b/a Koeppel Rosen) (the "Contractor Defendants") each entered into a construction contract with the owner of one or more of the construction projects on which Plaintiff Martinez performed plumbing work, including the projects located at 245 W. 29th Street, New York, NY 10001; 9 DeKalb Avenue, Brooklyn, NY 11201; 122 W. 27th Street, New York, NY 10001; and 443 Park Avenue S New York, NY 10016; and each is a "contractor" within the meaning of NYLL § 198-e(8)(b).

91. Upon information and belief, each such construction contract was entered into, renewed, modified, or amended on or after January 4, 2022, and none of those contracts is subject to Article 8 of the New York Labor Law.

92. Addison PHS Corp. ("Defendant Corporation") performed plumbing work on those projects as a "subcontractor" of the Contractor Defendants, at any tier, within the meaning of NYLL § 198-e(8)(d).

93. Defendant Corporation has failed to pay Plaintiff Martinez wages owed for the labor he performed on those projects, including overtime compensation and pay for the pre-shift time

described above.

94. Pursuant to NYLL § 198-e, each Contractor Defendant has assumed liability for, and is jointly and severally liable with Defendant Corporation for, the unpaid wages, benefits, and wage supplements, and any other remedies available under NYLL § 198, owed to Plaintiff Martinez for labor performed on that Contractor Defendant's construction projects within the three years preceding the commencement of this action.

95. Plaintiff Martinez has been damaged in an amount to be determined at trial.

96. Plaintiff gave each Contractor Defendant written notice of the alleged violations pursuant to NYLL § 198-e(9), at least ten business days elapsed thereafter, and the violations were not corrected.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martinez respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Martinez and the FLSA Class members;

(c) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Martinez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiff Martinez and the FLSA Class members;

(e) Awarding Plaintiff Martinez and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Martinez and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Martinez;

(h) Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Martinez's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiff Martinez;

(j) Awarding Plaintiff Martinez damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as applicable;

(k) Awarding Plaintiff Martinez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198(1-d);

(l) Awarding Plaintiff Martinez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Declaring that the Contractor Defendants are jointly and severally liable with Defendant Corporation, pursuant to NYLL § 198-e, for the unpaid wages and all other remedies available under NYLL § 198 owed to Plaintiff Martinez for labor performed on their construction projects;

(n) Awarding Plaintiff Martinez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Martinez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Martinez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 3, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Michael@faillacelaw.com


BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Leon Isaac Martinez

Signature / Firma: [signature]

Legal Representative / Abogado: Michael Faillace & Associares, P.C.

Date / Fecha: September 22, 2026